# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WIL P. PENNY,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent.*

3:12-cv-00420-RCJ-VPC

ORDER

This habeas action comes before the Court for initial review. The filing fee has been paid.

Turning to initial review, petitioner must file a petition on the Court's required § 2254 petition form. The present petition is entirely handwritten, and petitioner invokes 28 U.S.C. § 2241. The determination of whether a petitioner must proceed under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241 is a status inquiry directed to the source of the petitioner's custody. *See, e.g.*, *Shelby v. Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada state conviction. He therefore must proceed under § 2254, and he accordingly must use the Court's required § 2254 form as required by Local Rule LSR 3-1.

It does not appear that a dismissal without prejudice of this improperly-commenced action will result in a promptly-filed new petition being untimely.[1]

---

[1] The online docket records of the state district court and state supreme court reflect the following. Petitioner's conviction was affirmed on direct appeal on or about July 19, 2010, in No. 55400. The time for filing a petition for a writ of *certiorari* in the United States Supreme Court expired on Monday, October 18, 2010. Petitioner filed a state post-conviction petition on or about February 1, 2011, as to which counsel was appointed. The state district court denied the petition on July 10, 2012. Petitioner at all time remains

1    IT THEREFORE IS ORDERED that the petition is DISMISSED without prejudice to the
2 filing of a new petition in a new action under a new docket number with either payment of the
3 filing fee or a properly completed pauper application.[2]
4    The Clerk shall enter final judgment accordingly, dismissing this action without
5 prejudice.
6        DATED: September 6, 2012.

_____
ROBERT C. JONES
Chief United States District Judge

---

[footnote continued] responsible for calculating the running of the one-year federal limitation period and timely presenting exhausted claims.

[2] The Court expresses no opinion as to whether the petition or claims therein are subject to other deficiencies. Petitioner may not proceed against the State of Nevada in federal court, regardless of the relief sought, due to the state sovereign immunity recognized under the Eleventh Amendment.