# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WIL P. PENNY,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent.*

3:12-cv-00420-RCJ-VPC

ORDER

    This closed habeas action comes before the Court on petitioner's motion (#6) for judgment as a matter of law and motion (#7) for relief from order. The motion seeking post-judgment relief was mailed and filed within the time for seeking relief under Rule 59 of the Rules of Federal Civil Procedure.

    On September 6, 2012, the Court dismissed this action without prejudice because petitioner failed to properly commence the action by filing the petition on the Court's required Section 2254 petition form. The Court noted, following review of the state court procedural history, that a dismissal without prejudice of the improperly-commenced action would not result in a promptly-filed new petition being untimely.

    The motion (#6) for judgment as a matter of law was mailed after entry of judgment, but the motion does not appear to be intended as a post-judgment motion. Petitioner instead in essence maintains that he is entitled to a default judgment because he purportedly served a copy of the petition by mail and the respondents have not filed a response. The motion is frivolous. Under well-established law, there can be no judgment by default in a habeas

1 matter. *See,e.g., Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990). Petitioner is subject
2 to a presumptively valid judgment of conviction unless and until overturned by a decision on
3 the merits. Under Rule 5(a) of the Rules Governing Section 2254 Cases, respondents, even
4 if otherwise validly served, are under no obligation to respond to a habeas petition until
5 expressly ordered to do so by the district court following initial review of the petition under
6 Rule 4. Moreover, mailing an initial pleading does not constitute valid service in all events.
7 The Nevada Rules of Appellate Procedure have no application in this federal court, and the
8 provisions of 28 U.S.C. § 2243 do not require that the Court proceed differently than it did in
9 this case. The motion is completely without merit.

10 The motion (#7) for relief from judgment also is without merit. Petitioner contends that
11 he is not required to file his petition on a § 2254 form because he is entitled to proceed
12 instead under § 2241. As the Court noted in the prior order, the determination of whether a
13 petitioner must proceed under § 2254 rather than § 2241 is a status inquiry directed to the
14 source of the petitioner's custody rather than the target of his challenge. *See,e.g.*, *Shelby v.*
15 *Bartlett*, 391 F.3d 1061, 1063-64 (9th Cir. 2004). Petitioner is in custody pursuant to a Nevada
16 state conviction. He therefore must proceed under § 2254, and he accordingly must use the
17 Court's required § 2254 form as required by Local Rule LSR 3-1.

18 The Court reiterates that petitioner at all time remains responsible for calculating the
19 running of the one-year federal limitation period and timely presenting exhausted claims. If
20 he fails to timely seek relief in compliance with the governing law and rules of this Court, a
21 later untimely petition will be dismissed with prejudice. The pendency of proceedings
22 challenging the dismissal in this matter does not toll the running of the limitation period.

23 IT THEREFORE IS ORDERED that both motions (## 6 & 7) are DENIED. This action
24 remains closed.

25 DATED: September 24, 2012

_____
ROBERT C. JONES
Chief United States District Judge

-2-