

_____ FILED        _____ RECEIVED
_____ ENTERED·     _____ SERVED ON
                   COUNSEL/PARTIES OF RECORD

JAN 2 9 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

WIL P. PENNY,

    *Petitioner,*

vs.

STATE OF NEVADA,

    *Respondent.*

3:12-cv-00420-RCJ-VPC

ORDER

This closed habeas action comes before the Court on petitioner's motion (#9) for relief from order.

The motion seeks relief from an order (#8) entered on September 25, 2012 denying post-judgment relief under Rule 59. The present motion was received and filed by the Clerk on January 2, 2013, and entered on January 7, 2013. The motion seeks relief from the prior order (#8) under Rule 60(b). Final judgment dismissing the action without prejudice to the filing of a new petition on the required petition form in a new action was entered on September 9, 2012.

The pending motion is deficient on its face because it ends in mid-sentence on page 2 of the motion and is not signed. Further proceedings herein to rectify these deficiencies in the motion would be futile, a waste of judicial resources, and ultimately not in petitioner's best interest. This action was dismissed without prejudice to petitioner filing a petition on the Court's required § 2254 petition form in a new action, at a time when petitioner still had time remaining in the applicable one-year limitation period. The current partial, unsigned motion continues petitioner's frivolous arguments, *e.g.*, that this Court is corrupt and has acted

1  fraudulently, that the state courts did not have jurisdiction "of the person of 'Wil P. Penny,'"

2  and that the Nevada state criminal statutes under which he was convicted are fundamentally

3  defective for lack of an enacting clause.  These frivolous arguments beg the question as to

4  the basis for the now-final dismissal of this matter without prejudice, and they do not lead to

5  the conclusion that petitioner must proceed under 28 U.S.C. § 2241 rather than under § 2254

6  on the required form.  See #4, at 1; #8, at 2.

7       By continuing to file motions in this closed action, petitioner is increasing the chances

8  that he will fail to file a timely § 2254 petition on the required form in a new action.  The Court

9  accordingly will deny the present motion without further proceedings to correct the

10  deficiencies in petitioner's motion, and it will close this action to further filings by petitioner

11  other than a notice of appeal.  The Court reiterates that petitioner at all time remains

12  responsible for calculating the running of the one-year federal limitation period and timely

13  presenting exhausted claims.  If he fails to timely seek relief in compliance with the governing

14  law and rules of this Court, a later untimely petition will be dismissed with prejudice.  The filing

15  of motions challenging orders in this matter does not toll the running of the limitation period.

16  If petitioner lets the limitation period expire without timely filing a petition on the required form

17  in a new action because he persists in filing papers in this closed action, that will not prevent

18  the untimely petition from being dismissed with prejudice.

19       IT THEREFORE IS ORDERED that petitioner's motion (#9) for relief from order is

20  DENIED.

21       IT FURTHER IS ORDERED that the Clerk of Court shall identify petitioner as a

22  restricted filer on the docket sheet and shall return all further papers, other than a notice of

23  appeal, submitted by petitioner for this action unfiled to petitioner.

24       This action remains closed.

25       DATED:  January 28, 2013.

26

27

28  ROBERT C. JONES
     Chief United States District Judge

-2-